IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **MICHAEL RIVERA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No.** |
| | ) | |
| **STAND, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | **Jury Trial Demanded** |
| | ) | |

## COMPLAINT

Plaintiff Michael Rivera ("Rivera"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 7, brings this Complaint against Defendant Stand, Inc. ("Stand") and shows the Court as follows:

## INTRODUCTION

1.

This is an action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") to recover overtime pay for hours all hours worked in excess of forty (40) per week. In addition to his federal claims, Plaintiff asserts pendent state law claims of breach of contract, quantum meruit and promissory estoppel which arise out of the same set of operative facts as do his federal claims.

1

## JURISDICTION AND VENUE

2.

The jurisdiction of this Court is proper pursuant to Article III, § 2 of the United States Constitution, 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, as this case arises under the FLSA, a federal statute which affects interstate commerce.

3.

This Court has supplemental jurisdiction over Rivera's state law claims set arising under Georgia law in accord with 28 U.S.C. §1367 as the state law claims are so related to the federal claims upon which this Court has original jurisdiction that they form part of the same case or controversy.

4.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 as Defendant Stand is located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## PARTIES

5.

Plaintiff Rivera is a natural person and resides in DeKalb County, Georgia.

6.

Defendant Stand is a domestic corporation organized and existing under the laws of the State of Georgia.  Stand may be served with process through its registered agent Charles Sperling at his business address of 3699 Stanford Circle, Decatur, Georgia 30034.

7.

Defendant Stand is subject to the personal jurisdiction of this Court.

## FACTUAL ALLEGATIONS

8.

Defendant Stand owns and operates a drug treatment and recovery center, which among other things, provides behavioral health services related to HIV/AIDS, substance abuse, prisoner reentry, and homelessness in DeKalb County, Georgia.

9.

Rivera worked as volunteer for Stand from approximately November, 2013 through April, 2014.

10.

Stand employed Rivera as a transitional housing coordinator from approximately May, 2014 through June 30, 2015.

11.

On or about May 1, 2014, Stand and Rivera entered into a Contract whereby Stand would compensate Rivera for his work as a transitional housing coordinator in the amount of $1,300 per month. A copy of the Contract is annexed to this Complaint as Exhibit "A" and is incorporated into this Complaint.

12.

The Contract covered the period from May 1, 2014 through July 31, 2014.

13.

Rivera performed services for Stand as a transitional housing coordinator from May 1, 2014 through July 31, 2014 and substantially complied with his obligations under the Contract.

14.

From May 1, 2014 through January 2015, Rivera regularly and customarily worked 6 to 8 hours during the day on behalf of Stand.

15.

From May 1, 2014 through January 2015, Rivera regularly and customarily worked at least 4 hours during the evening on behalf of Stand.

16.

Stand failed to compensate Rivera for all hours worked between May 1, 2014 and July 31, 2014 as required under the Contract.

18.

From May, 2014 through January, 2015, Stand failed to compensate Plaintiff at a rate of one and one half times his regular rate for all hours worked in excess of 40 hours during each work week.

17.

From on or about February, 2015 through June 30, 2015, Stand failed to pay Rivera for any hours he worked.

19.

At all times material hereto, Stand provided lodging for Rivera at no cost to Rivera.

20.

Upon information and belief, Defendant Stand did not make a request to the Department of Labor for an estimate of reasonable costs of providing lodging for Rivera.

21.

At all times material hereto, Rivera has been an "employee" of Stand as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

22.

At all times material hereto, Stand has been an "employer" of Rivera as defined in FLSA § 3(d), 29 U.S.C. §203(d).

23.

The work done by Rivera as a transitional housing coordinator was an integral and essential part of Defendant Stand's business of operating a drug treatment and recovery center.

24.

From on or about May 1, 2014 until June 30, 2015, Rivera was "engaged in commerce" as an employee of Stand as defined in 29 U.S.C. §§ 206(a) and 207(a)(1).

25.

From on or about May 1, 2014 until June 30, 2015, Stand was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in 29 U.S.C. §§ 206 (a) and 207(a)(1).

26.

During 2014, Stand had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

27.

During 2015, Stand had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

28.

During 2014, Stand had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

29.

During 2015, Stand had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

30.

During 2014, Stand had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

31.

During 2015, Stand  had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

32.

At all times material hereto, Stand has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

33.

At all times material hereto, Stand, Plaintiff was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

34.

At all times material hereto, Stand did not employ Plaintiff in a bona fide professional capacity within the meaning of 29 USC § 213(a).

35.

At all times material hereto, Stand did not employ Plaintiff in a bona fide administrative capacity within the meaning of 29 USC § 213(a).

36.

At all times material hereto, Stand did not employ Plaintiff in a bona fide executive capacity within the meaning of 29 USC § 213(a).

37.

At all times material hereto, Stand did not employ Plaintiff in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213(a).

## CLAIMS FOR RELIEF

## COUNT ONE

## VIOLATION OF 29 U.S.C. §§ 206 AND 215
**(Minimum Wage Violations for May, 2014 – January, 2015)**

38.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

39.

At all times material hereto, Rivera has been an employee covered by the FLSA and entitled to the minimum wage protections set forth in 29 U.S.C. § 206(a).

40.

From on or about May, 2014 through January, 2015, Stand failed to compensate Rivera at an hourly rate above or equal to the minimum wage of $7.25 per hour.

41.

From on or about May, 2014 through January, 2015, Stand failed to compensate Rivera for all hours worked during the work day.

42.

From on or about May, 2014 through January, 2015, Stand only compensated Plaintiff for 4 hours of work each work day.

43.

Rivera is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with 29 U.S.C. §§ 206(a) and 216(b).

44.

As a result of the underpayment of minimum wages as alleged above, Rivera is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

45.

Defendant Stand willfully failed to pay Rivera minimum wage for all hours worked up to forty (40) in any given workweek from May, 2014 through January, 2015.

46.

Defendant's violation of §§ 206 and 215 of the Fair Labor Standards Act is intentional and willful.  Said violation gives rise to a claim for relief under the FLSA for unpaid minimum wages owed from May, 2014 through January, 2015, liquidated damages in an amount equal to the unpaid compensation, declaratory relief, and reasonable attorneys' fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

## COUNT TWO

### VIOLATION OF 29 U.S.C. §§ 206 AND 215
**(Minimum Wage Violations For February, 2015 - June 30, 2015)**

47.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

48.

At all times material hereto, Rivera has been an employee covered by the FLSA and entitled to the minimum wage protections set forth in 29 U.S.C. § 206(a).

49.

From on or about February, 2015 through June 30, 2015, Stand failed to compensate Rivera at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

50.

From on or about February 2015 through June 30, 2015, Stand failed to compensate Rivera in wages at all.

51.

Rivera is entitled to payment of minimum wages at the rate of $7.25 per hour worked multiplied by the number of hours worked (up to forty) in any and all workweeks from February, 2015 through June 30, 2015, in accordance with 29 U.S.C. § 216(b).

52.

Defendant's violation of §§ 206 and 215 of the Fair Labor Standards Act is intentional and willful.  Said violation gives rise to a claim for relief under the FLSA for unpaid minimum wages owed from February, 2015 through June, 2015, liquidated damages in an amount equal to the unpaid compensation, declaratory relief, and reasonable attorneys' fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

## COUNT THREE

## VIOLATION OF 29 U.S.C. §§ 207 AND 215
### (Overtime Pay Violations For May 1, 2014 Through January, 2015)

53.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

54.

At all times material hereto, Rivera has been an employee covered by the FLSA and entitled to the overtime protections set forth in 29 U.S.C. § 207(a).

55.

During his employment with Stand, Rivera regularly worked in excess of forty (40) hours each week during the period from May, 2014 through January, 2015.

56.

Stand failed to pay Rivera at one and one half times his regular rate for work in excess of forty (40) hours in any week from May 2014 through January 2015.

57.

Defendant's violation of §§ 207 and 215 of the Fair Labor Standards Act is intentional and willful. Said violation gives rise to a claim for relief under the FLSA for unpaid overtime wages compensation during the period of May, 2014 through January, 2015, liquidated damages in an amount equal to the unpaid compensation,

declaratory relief, and reasonable attorneys' fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

## COUNT FOUR

## BREACH OF CONTRACT

58.

The allegations contained in Paragraphs 1 through 46 and 54 through 57 of this Complaint are incorporated by reference as if fully set out in this paragraph.

59.

Rivera and Stand were parties to a contract of employment (hereafter "the Contract") which was in effect from on or about May 1, 2014 through July 31, 2014. The Contract is annexed to this Complaint as Exhibit "A" and incorporated herein.

60.

The Contract provided that Stand would pay Rivera for work performed at a rate of $1,300 per month.

61.

At all times relevant to this Complaint, Rivera substantially complied with his obligations under the Contract.

62.

In or about July 2014, Stand requested that Rivera provide a list of the hours he worked during the months of May, 2014 and June, 2014.

63.

Stand paid Rivera a total $1,300 for all work performed from May 1, 2014 through June 2014.

64.

Stand failed to pay Rivera for one month of work performed during the period from June 1, 2014 through July, 2014.

65.

Stand's failure to pay Rivera for work performed during one month of work constitutes a material breach of the Contract.

66.

As a result of Defendant's breach of its contract with Plaintiff, Plaintiff has suffered damages in the amount of $1,300, representing payment for work performed pursuant to the Contract.

## COUNT FIVE

## PROMISSORY ESTOPPEL

### 67.

Plaintiff incorporates Paragraphs 1 through 66 of this Complaint by reference, with the same force and effect as if fully set forth herein.

### 68.

The benefits of employment contained in the Agreement, including the promise to pay $1,300 for each month of work performed in May, June and July, 2014 were offered by Defendant to Rivera to induce Rivera to accept the position as transitional housing coordinator.

### 69.

Stand should have reasonably expected Rivera to rely upon its promise of payment of $1,300 per month for work performed in May, June and July, 2014 in determining whether to accept the position as transitional housing coordinator.

### 70.

Rivera reasonably relied upon Stand's promise of payment of $1,300 per month for work performed in May, June and July, 2014 in determining whether to accept the position as transitional housing coordinator to his detriment.

71.

As Rivera performed work as a transitional housing coordinator, Stand has received the full benefit and value of the agreement to employ Rivera while denying Rivera some of the material benefits of the agreement ($1,300) for which he bargained.

72.

Rivera changed his position to his detriment by accepting the position as transitional housing coordinator and by working for much lower total compensation than he would have accepted at the time he entered into the agreement.

73.

As a result or Rivera's reasonable reliance upon the promises of Stand, injustice can only be avoided by enforcement of Stand's promises as discussed above by requiring Stand to pay Rivera $1,300 plus pre-judgment interest as allowed by law.

**COUNT SIX**

**UNJUST ENRICHMENT**

74.

Plaintiff incorporates Paragraphs 1 through 73 of this Complaint by reference, with the same force and effect as if fully set forth herein.

75.

Stand has been unjustly enriched by receiving, at its request, the benefit of Rivera's services at a rate of total compensation below that which he would have worked and agreed to work, and which is less than the market rate for an employee with Rivera's level of experience and expertise.

76.

Rivera reasonably expected to be compensated for the hours he worked for Stand.

77.

Equity demands that Stand be required to compensate Rivera for the work he performed throughout his employment with Stand.

## **COUNT SEVEN**

## **QUANUM MERUIT**

78.

Plaintiff incorporates Paragraphs 1 through 77 of this Complaint by reference, with the same force and effect as if fully set forth herein.

79.

Rivera has provided valuable services to Stand as a transitional housing coordinator at Stand's request.

80.

Stand has accepted the value of Rivera's services without properly compensating him for his labor.

81.

Rivera expected to be compensated for the work he performed as a transitional housing coordinator.

82.

It would be unjust to permit Stand to retain the value of the services rendered by Rivera without having to compensate Rivera for the benefit it received.

83.

As a result of Stand's unjust enrichment, Rivera must be compensated in an amount reflecting the value to Stand of the services rendered by Rivera without compensation.

**COUNT EIGHT**

**ATTORNEYS FEES PURSUANT TO O.C.G.A. § 13-6-11**

84.

Plaintiff incorporates Paragraphs 1 through 83 of this Complaint by reference, with the same force and effect as if fully set forth herein.

85.

As Stand has refused to honor the express terms of its Contract with Rivera by paying him the compensation he earned, and by unjustly retaining the value of Rivera's services without paying for them, Stand has been stubbornly litigious and has caused Rivera unnecessary trouble and expense in connection with this matter, entitling Rivera to his reasonable attorneys' fees and costs of litigation.

WHEREFORE, Plaintiff respectfully prays:

(a)     Take jurisdiction of this matter;

(b)     Issue an Order holding Defendant Stand to be an "employer" as that term is defined under the FLSA;

(c)     Issue a judgment declaring that Plaintiff was an employee of Defendant and was covered by the provisions of the FLSA and that Defendant has failed to comply with the requirements of the FLSA;

(d)     Grant a trial by jury as to all matters properly triable to a jury;

(e)     Award Plaintiff proper payment of minimum wages for each hour worked from three years preceding the filing of this Action, and liquidated damages equaling 100% of that amount, as required by the FLSA;

(f)      Award Plaintiff proper payment for each overtime hour worked from three years preceding the filing of this Action, calculated at the rate of time and one half the regular rate of pay which should have been paid to Plaintiff by Defendant, and liquidated damages equaling 100% of the overtime wages due to Plaintiff, as required by the FLSA;

(g)      Issue a judgment declaring that Stand has breached its contract with Rivera;

(h)      Award Plaintiff $2,600 in damages for Defendant's breach of contract;

(i)      Issue a judgment in Plaintiff's favor on his claims of promissory estoppel, quantum meruit and unjust enrichment;

(j)      Issue a judgment in Plaintiff's favor on his claim for attorneys' fees and costs of litigation on his claims based on Georgia law pursuant to O.C.G.A. § 13-6-11;

(k)      Award Plaintiff proper damages on his claims of promissory estoppel, quantum meruit and unjust enrichment as determined in the enlightened conscience of the jury;

(l)      Award Plaintiff prejudgment interest on all amounts owed;

(m)     Award Plaintiff nominal damages;

(n)     Award Plaintiff his reasonable attorneys' fees and costs of litigation on

his FLSA claim pursuant to 29 U.S.C. § 216(b); and

(o)     Award any and such other further relief this Court deems just, equitable

and proper.

Respectfully submitted this 18th day of December, 2015.

/s/ Mitchell D. Benjamin
Mitchell D. Benjamin
Georgia Bar No. 049888
Matthew W. Herrington
Georgia Bar No. 275411

**DELONG, CALDWELL, BRIDGERS,**
**FITZPATRICK & BENJAMIN, LLC**
3100 Centennial Tower
101 Marietta Street, NW
Atlanta, Georgia 30303
(404) 979-3150 Telephone
(404) 979-3170 Facsimile
benjamin@dcbflegal.com
matthew.herrington@dcbflegal.com     ATTORNEYS FOR PLAINTIFF