**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **MICHAEL RIVERA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**STAND, INC.,**<br><br>**Defendant.** | **CIVIL ACTION FILE**<br>**NO. 1:15-cv-04406-ELR** |

**JOINT MOTION TO APPROVE SETTLEMENT**
**AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff Michael Rivera ("Plaintiff") and Defendant STAND, Inc. ("Defendant") (Plaintiff and Defendant collectively referred to as the "Parties") jointly move the Court for approval of the mutually agreed upon terms and conditions of the settlement of Plaintiff's claim under the Fair Labor Standards Act ("FLSA") which terms include dismissal of this action with prejudice. In support of this Motion, the Parties show the Court as follows:

**Stipulated Facts**

1.    Plaintiff filed this action, which includes a claim under the FLSA, in December 2015.

1

2.    Defendant denies that it violated the FLSA in any way with respect to Plaintiff or any other independent contractor.

3.    The Parties have good-faith disputes regarding:

(a)    Whether Defendant, a non-profit organization, is an "employer" under the FLSA.

(b)    Whether Plaintiff was improperly classified as an independent contractor.

(c)    Whether Defendant failed to properly pay Plaintiff minimum wage and/or overtime compensation as required by the FLSA.

(d)    Whether Defendant failed to pay Plaintiff minimum wage and/or overtime compensation in bad faith.

(e)    The number of hours for which Defendant allegedly failed to pay Plaintiff minimum wage and/or overtime compensation.

(f)    Whether, assuming Plaintiff was an "employee" under the FLSA, the defendant is liable under the FLSA.

4.    In order to settle the foregoing and all other outstanding issues between them, the Parties have entered into a Settlement Agreement, a copy of which is attached hereto as Exhibit 1.

5.    Plaintiff acknowledges and agrees that, pursuant to the terms of the

Settlement Agreement, he is being paid an amount which is within the range that he could recover at trial and also acknowledges and agrees that the amounts paid under the Settlement Agreement adequately and fairly compensate him for the damages he claims to have suffered.

6.      Although the Settlement Agreement is not filed under seal, Plaintiff's agreement not to disclose the terms of the Settlement Agreement (other than to his counsel and accountant) is a material provision of the Settlement Agreement.

7.      The Settlement Agreement is a fair and reasonable resolution of Plaintiff's claim under the FLSA, and the Parties agree that the Court should approve the Settlement Agreement.

8.      The Parties further agree that, upon the Court's approval of this Joint Motion, Plaintiff will dismiss this action with prejudice, with each Party to pay its own costs and attorneys' fees, except as expressly set forth in the Settlement Agreement.

## Memorandum of Law

The FLSA permits binding settlements of claims when a Court enters a stipulated judgment upon determining that a proposed settlement is a fair and reasonable resolution of a bona fide dispute.  Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1355 (11th Cir. 1982).  As the Eleventh Circuit has reasoned:

"[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Id. at 1354 (emphasis added).  Thus, a stipulated judgment on "disputed issues of both law and fact" will be binding if approved by the Court.

## A.     The Settlement Agreement is Fair and Reasonable.

The settlement in this case resulted from negotiations in which both parties were represented by counsel.  The Parties negotiated and ultimately agreed upon a settlement figure for Plaintiff's claim.  The Parties agree that the amounts to be paid Plaintiff under the terms of the Settlement Agreement are representative of the compromise reached given the numerous disputed issues (such as FLSA coverage, employee status, and computation of claimed overtime wages) and include a reasonable payment for the Plaintiff's attorneys' fees and costs.  (See Declaration attached as Exhibit 2).  Both Defendant and Plaintiff understand the terms of the Settlement Agreement and attest to their reasonableness.

4

**B.      The Settlement Agreement Reflects the Resolution of a *Bona Fide* Dispute Between the Parties.**

From the beginning of this litigation, the Parties have had a legitimate dispute about Defendant's compliance with the FLSA.  Specifically, Plaintiff alleges that Defendant willfully failed to pay him overtime in violation of the FLSA.  Defendant contends that it is not a covered employer under the FLSA and that Plaintiff was an independent contractor, not an employee.  The negotiated Settlement Agreement is a fair and reasonable way to resolve the Parties' *bona fide* dispute in this litigated proceeding.

**C.      Conclusion**

The Settlement Agreement is fair and reasonable, and the Parties have a legitimate dispute about FLSA coverage and other matters.  The Parties therefore jointly request that the Court enter an Order approving the Settlement Agreement. Upon Court approval, Plaintiff will voluntarily dismiss this action in its entirety with prejudice, with each party to bear its own costs and fees (except as provided in the Settlement Agreement).

WHEREFORE, the Parties respectfully request that the Court grant this Joint Motion to Approve Settlement.  A proposed  order  is  attached  for  the  Court's convenience.

Respectfully submitted this 16th day of March, 2016.

*/s/ Mitchell D. Benjamin*
Mitchell D. Benjamin
Georgia Bar No. 049888
Matthew W. Herrington
Georgia Bar No. 275411
DeLong, Caldwell, Bridgers,
Fitzpatrick & Benjamin, LLC
3100 Centennial Tower
101 Marietta Street NW
Atlanta, Georgia 30303
benjamin@dcbflegal.com
matthew.herrington@dcbflegal.com
(O) 404-979-3150
(F) 404-979-3170

*/s/ Rebecca W. Shanlever*
Rebecca W. Shanlever
Georgia Bar No. 763930
Hall, Arbery, Gilligan, Roberts &
Shanlever LLP
3340 Peachtree Road NE
Suite 1900
Atlanta, Georgia 30326
rshanlever @hagllp.com
(O) 404-442-8776
(F) 404-537-5555

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **MICHAEL RIVERA,** | |
| **Plaintiff,** | |
| **v.** | **CIVIL ACTION FILE NO. 1:15-cv-04406-ELR** |
| **STAND, INC.,** | |
| **Defendant.** | |

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

We hereby certify that the foregoing Joint Motion to Approve Settlement was prepared in Times New Roman 14 point font, with a top margin of not less of 1.5 inches and a left margin of not less than 1 inch.

/s/ Rebecca W. Shanlever
Rebecca W. Shanlever

4846-5397-5854, v. 3